RECEIVED
IN LAKE CHARLES, LA
SEP - 6 2012
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | DOCKET NO. 2:11 cr 00114-001 |
| VS. | : | JUDGE MINALDI |
| BRIAN EUGENE WALLACE | : | MAGISTRATE JUDGE KAY |

### MEMORANDUM RULING

Presently before the court are the government's objections to the Presentence Report ("PSR") prepared by the Probation Department.

The Government and the defendant have agreed that the amount of restitution required in this case is $ 7,693.15. Therefore, the first objection is MOOT.

In the second objection, the Government asserts that an increase of two levels is warranted pursuant to § 3B1.1, arguing that the defendant was in a position of trust which he abused. The Sentencing Guidelines provide for a two level increase to a defendant's offense level in cases where the court finds that the "defendant abused a position of public or private trust, or used a special skill, in a manner that significantly facilitated the commission or concealment of the offense." U.S.S.G. § 3B1.3. In reviewing an abuse-of-trust determination, the court must determine whether the defendant occupied a position of trust and whether he abused his position "in a manner that significantly facilitated the commission or concealment of the offense." *United States v. Kay,* 513 F.3d 432, 459 (5th Cir.2007) (defining "significant facilitation" as "whether the defendant occupied a superior position, relative to all people in a position to commit the

offense, as a result of [his] job") (citation omitted).

In *United States v. Hale,* 685 F.3d 522, 546 ( 5th Cir. 2012), at sentencing, the district court adopted the presentence investigation report (PSR) which, like the evidence at trial, provided that Hale was a patrol officer working for the Laredo Police Department when he became involved in the cocaine escort scheme. Police officers hold positions of public trust. *See United States v. Deville,* 278 F.3d 500, 508 (5th Cir. 2002). The PSR and trial evidence also depicted how Hale and his co-conspirators agreed to use police radios to monitor police frequencies in order to detect whether an escort was under surveillance and whether there was a dispatch related to the escorts. The court held that this evidence was sufficient to establish that Hale abused his position as a police officer to better facilitate and conceal the cocaine escort conspiracy. *See also United States v. Guerra,* 463 Fed.App'x. 451, 2012 WL 739413 ( 5th Cir. 2012).

In *United States v. Isiwele,* 635 F.3d 196, 198 ( 5th Cir. 2011), Enitan Isiwele was the owner of a durable medical equipment ("DME") supply company called Galaxy Medical Supply ("Galaxy"), which was a supplier to both Medicare and Medicaid. In an effort to meet urgent medical needs in the wake of Hurricanes Katrina and Rita, Medicare eliminated certain documentary requirements for the replacement of any power wheelchairs lost or damaged in those hurricanes. This waiver applied only to beneficiaries who had already met the requirements for a doctor's prescription and Certificate of Medical Necessity before obtaining their original power wheelchairs. Galaxy used this waiver to bill Medicare and Medicaid a total of $587,382.65 for power wheelchairs and related accessories, and was reimbursed a total of $297,381.04. As a result, Isiwele was tried on sixteen counts of health care fraud.

On appeal, the court held that "pursuant to clear Fifth Circuit precedent, the district court applied

a two-level 'abuse of trust' enhancement to Isiwele's offense level under U.S.S.G. § 3B1.3 because Isiwele's status as a DME supplier placed him in a relationship of trust with Medicare/Medicaid." *See United States v. Miller,* 607 F.3d 144, 148–50 (5th Cir.2010). Isiwele argued that he was not in a relationship of trust with Medicare/Medicaid solely to preserve the argument for further review. The court summarily affirmed the enhancement.

As a dispatcher and contract employee, Wallace was in a position of trust. Within his job assignment, he had access to WEX gas credit cards for Fort Polk vehicles with little or no supervision. He was able to use the WEX cards to fill his own vehicle and was able to distribute cards to others without detection. Because of his position, Wallace knew that he could use the gas cards for a certain time depending on the reason why the associated vehicle was out of commission. Wallace, therefore, abused his position in a manner that significantly facilitated the commission or concealment of the offense. A two point enhancement is warranted.

In the third objection, the Government seeks a two-level increase pursuant to §2B1.1(b)(11)(B)(I) for the trafficking of an unauthorized access devise. The Probation Department agreed with this objection and amended the PSR accordingly. Upon review, the court concurs.

Accordingly, for the reasons set forth herein, Wallace's total offense level is 12. With a Criminal History Category of I, his guideline range is 12 to 16 months on Counts 1 and 2.

Lake Charles, Louisiana, this 5 day of September, 2012.

PATRICIA MINALDI

3